**Entered on Docket**
**March 04, 2008**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: March 03, 2008**

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 05-34008 TEC |
| SDR CAPITAL MANAGEMENT, INC., | Chapter 7 |
| Debtor. | |
| ANDREA A. WIRUM, TRUSTEE, | Adv. Proc. No. 07-3074 TC |
| Plaintiff, | |
| vs. | |
| GREENE RADOVSKY MALONEY SHARE & HENNIGH, LLP, | |
| Defendant. | |

**MEMORANDUM RE CROSS MOTIONS FOR SUMMARY JUDGMENT**

The court held a hearing on February 29, 2008 regarding the parties' cross motions for summary judgment. Dennis D. Davis appeared for Plaintiff. James F. Fotenos and Russell D. Pollock appeared for Defendant. Upon due consideration, and for the reasons stated below, both motions are denied.

//

MEMORANDUM RE CROSS MOTIONS
FOR SUMMARY JUDGMENT     -1-

A triable issue of fact exists as to whether the parties to the release intended it to apply to the present action against Defendant. Summary judgment cannot be granted for Plaintiff, because the language describing by category the parties and claims released covers the claims raised against Defendant in the present action, and because Suttle had an incentive to secure Defendant's release. Summary judgment cannot be granted for Defendant, because the present action was pending on the date the release was executed, and the release permits the prosecution of actions by Plaintiff without stating that the present action is to be released. It is because there is some evidence that the parties did not intend the release to apply to Defendant, that the present case is distinguishable from General Motors Corp. v. Superior Court, 12 Cal. App. 4th 435 (1993).

Neither party is entitled to summary judgment as to whether SDR was obligated to indemnify Suttle under section 317(d) of the Corporations Code. Although a judicial decision is not required for an administrative investigation to be decided "on the merits" within the meaning of section 317(d), a triable issue of fact exists as to whether the SEC investigation at issue here was resolved on the merits in favor of Suttle.

Neither party is entitled to summary judgment as to whether SDR agreed to indemnify Suttle. A triable issue of fact exists as to whether indemnification was conditioned upon receipt of certain payments from Woodall and Garland.

**\*\*END OF MEMORANDUM\*\***

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | |
| 3 | Dennis D. Davis, Esq. |
| | Goldberg, Stinnett, Davis & Linchey |
| 4 | 44 Montgomery Street, Suite 2900 |
| | San Francisco, CA 94104 |
| 5 | |
| | James F. Fotenos, Esq. |
| 6 | Russell D. Pollock, Esq. |
| | Greene Radovsky Maloney Share & Hennigh LLP |
| 7 | Four Embarcadero Center, Suite 4000 |
| | San Francisco, CA 94111 |
| 8 | |